UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| WILLIAM CALDWELL, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:05-cv-580 |
| | ) | |
| v. | ) | Honorable Gordon J. Quist |
| | ) | |
| PAMELA R. COOGAN et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. Plaintiff was granted leave to proceed *in forma pauperis*, and directed to pay the initial partial filing fee when funds are available. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996) ("PLRA"), "no action shall be brought with respect to prison conditions . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Because Plaintiff has failed to demonstrate exhaustion of available administrative remedies, the Court will dismiss his complaint without prejudice.

**Discussion**

I.     Factual allegations

Plaintiff is presently incarcerated at Bellamy Creek Correctional Facility. In his *pro se* complaint, he sues thirty employees of the Michigan Department of Corrections. Plaintiff raises five claims concerning the conditions of his confinement. First, Plaintiff asserts a violation of his Eighth Amendment right to good oral hygiene. He claims that Defendants Smolinski, Avery, Rish,

and Stewart refused to provide him with an indigent store disbursement causing Plaintiff to be without necessary hygiene products. Plaintiff was without toothpaste for approximately two weeks in August 2004, and three weeks in September 2004. Plaintiff allegedly developed viral and bacterial infections that caused his gums to become inflamed.

Plaintiff asserts as his second claim a violation of his Eighth Amendment right to proper nutrition. He alleges that he was forced to eat his meals in ten minutes or less. In addition, he alleges that meals are often not prepared properly or in a sanitary manner. As a result, Plaintiff developed violent stomach cramps, headaches, dizziness, chronic constipation, acid reflux disease and a stomach infection. Plaintiff brings this claim against Defendants McKee, Schafer, Black, Armstrong, Misner, Elvert, Angel, Emlinger, Lebo, Edwards, Miller, and Abbott.

For his third claim, Plaintiff asserts a violation of his Eighth Amendment right to adequate medical care. He alleges that he submitted numerous requests for medical examinations and/or treatment for a variety of physical maladies but was deliberately denied medical treatment by Defendants Corning, O'Conner, Armstrong, Eldridge, Coogan, Emlinger, McKee, Kalinas, and John Doe.

Plaintiff asserts as his fourth claim a violation of his right to be free from assaultive behavior. Defendant Ockert allegedly screamed Plaintiff's name, viciously kicked Plaintiff's cell door, and yelled at Plaintiff in a violent rage. Defendants Wakefield, McKee, and Armstrong failed to discipline defendant Ockert.

Finally, as his fifth claim, Plaintiff asserts a violation of his First Amendment right of access to the courts and to petition the government for redress of his grievances. He claims that Defendants Petersen, Ockert, Bashore, and Avery retaliated against him for filing grievances.

Defendants Wakefield, McKee, and Armstrong failed to discipline the wrongdoers or otherwise resolve the issue.

For relief, Plaintiff requests compensatory and punitive damages, and an injunctive order requiring the defendants to provide immediate medical treatment to Plaintiff and to rescind the policy of providing inmates only ten minutes to eat their meals.

## II.     Lack of exhaustion of available administrative remedies

Plaintiff has failed sufficiently to allege and show exhaustion of available administrative remedies.  Pursuant to 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731 (2001).  The exhaustion requirement is mandatory and applies to all suits regarding prison conditions, regardless of the nature of the wrong or the type of relief sought.  *Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741.  A district court must enforce the exhaustion requirement *sua sponte. Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998); *accord Wyatt v. Leonard*, 193 F.3d 876, 879 (6th Cir. 1999).

A prisoner must allege and show that he has exhausted all available administrative remedies and should attach to his § 1983 complaint the administrative decision disposing of his complaint, if the decision is available.[1]  *Brown*, 139 F.3d at 1104.  In the absence of written documentation, the prisoner must describe with specificity the administrative proceeding and its outcome so that the Court may determine what claims, if any, have been exhausted.  *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000).  Plaintiff's claims regarding his conditions of

---

[1]To assist prisoners in meeting this requirement, this Court advises prisoners to attach copies of documents evidencing exhaustion in its form complaint.  The form complaint, which is required by local rule, is disseminated to all the prisons.  *See* W.D. MICH. LCIVR 5.6(a).  Plaintiff has used the form complaint in this action.

confinement are the types of claims that may be grieved through the three-step prison grievance process. *See* MICH. DEP'T OF CORR., Policy Directive 03.02.130, ¶ E (may grieve "alleged violations of policy and procedure or unsatisfactory conditions of confinement") (effective 4/28/03).

To satisfy the exhaustion requirement, the prisoner must have filed a grievance with regard to each claim he asserts in his lawsuit, and he "must administratively exhaust his . . . claim as to each defendant associated with the claim." *Burton v. Jones,* 321 F.3d 569, 574 (6th Cir. 2003); *accord Thomas v. Woolum,* 337 F.3d 720, 735 (6th Cir.2003); *Curry v. Scott,* 249 F.3d 493, 505 (6th Cir. 2001) (stating that a prisoner must "file a grievance against the person he ultimately seeks to sue"); *Vandiver v. Martin*, No. 02-1338, 2002 WL 31166925, at *2 (6th Cir. Sept. 27, 2002) ("The issues [plaintiff] may raise, and the defendants he may name, in his lawsuit are limited to the specific issues raised, and the specific individuals mentioned, in his grievance."). To exhaust a claim against a particular defendant, a prisoner must have "alleged mistreatment or misconduct on the part of the defendant at Step I of the [Michigan Department of Corrections] grievance process." *Burton*, 321 F.3d at 574.

Plaintiff filed several grievances through Step III pertaining to each of the five claims he asserts in his complaint. However, he did not name all of the thirty defendants at Step I of the grievance process, and did not name defendants Coogan, Emlinger, or Van Setters at any step in the process. Thus, he has exhausted his claims against only some of the Defendants. As the Sixth Circuit recently held, a civil rights action containing both exhausted and unexhausted claims must be dismissed for lack of total exhaustion. *Jones-Bey v. Johnson*, 407 F. 3d 801, 805 (6th Cir. 2005). Thus, even though Plaintiff included some of the named Defendants in his Step I grievances, this action is subject to dismissal pursuant to the "total exhaustion rule."

It is not clear whether Plaintiff may still grieve his claims. Under the policy of the prison, complaints must be resolved expeditiously, and complaints may be rejected as untimely. *See* Policy Directive 03.02.130, ¶ G(4). The Sixth Circuit has held that an inmate cannot simply claim that "he has exhausted his remedies or that it is futile for him to do so because his grievance is now time-barred under the regulations." *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999) (citing *Wright v. Morris*, 111 F.3d 414, 417 n.3 (6th Cir. 1997)). However, even if the MDOC considers a subsequent grievance to be untimely, a prisoner who has presented a grievance through one complete round of the prison process will nevertheless be deemed to have exhausted available administrative remedies as required by 42 U.S.C. § 1997e(a). *See Thomas*, 337 F.3d at 733.

Because the exhaustion requirement is no longer discretionary, but is mandatory, the Court does not have the discretion to provide a continuance in the absence of exhaustion. *See Wright*, 111 F.3d at 417. Moreover, a prisoner "may not exhaust administrative remedies during the pendency of the federal suit." *Freeman v. Francis*, 196 F. 3d 641, 645 (6th Cir. 1999). The administrative process must be complete before the prisoner files an action in federal court. *Id.* Rather, dismissal of an action without prejudice is appropriate when a prisoner has failed to show that he exhausted available administrative remedies. *See Freeman,* 196 F.3d at 645 ; *Brown*, 139 F.3d at 1104; *White v. McGinnis*, 131 F.3d 593, 595 (6th Cir. 1997). Dismissal for failing to exhaust available administrative remedies does not relieve a plaintiff from payment of the civil action filing fee. *Smeltzer v. Hook*, 235 F. Supp. 2d 736, 746 (W.D. Mich. 2002) (citing *Omar v. Lesza*, No. 97 C 5817, 1997 WL 534361, at *1 (N.D. Ill. Aug. 26, 1997)). Accordingly, the Court will dismiss this action without prejudice.

## **Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court will dismiss Plaintiff's action without prejudice because he has failed to show exhaustion as required by 42 U.S.C. § 1997e(a).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $255 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $255 appellate filing fee in one lump sum.

A Judgment consistent with this Opinion will be entered.


Dated: October 6, 2005                     /s/ Gordon J. Quist
                                            GORDON J. QUIST
                                            UNITED STATES DISTRICT JUDGE